### In re WOOD'S WILL.
No. 5775.

County Judge's Court, Lee County.

December 5, 1967.

Alderman & Alderman, Fort Myers, and John C. Collins, Waltham, Massachusetts, for the heirs at law.

Henderson, Franklin, Starnes & Holt, Stewart & Stewart, and Anderson & Blair, all of Fort Myers, and Paul & Sims, Miami, Domenick A. Pelle, Massapequa, N. Y., and Peabody, Arnold, Batchelder & Luther, Boston, Massachusetts, for the named beneficiaries.

THOMAS W. SHANDS, County Judge.

This matter was brought on for hearing upon the petition of the executor of the estate for interpretation of the will. The question presented to this court is short and simple — "In view of paragraph Fifth of the decedent's will, and the fact that the decedent's husband, Austin C. Wood, predeceased the testatrix, who shall take under the will, the named devisees in paragraph Fifth or the heirs at law through intestacy?"

The answer is nowhere near as short and simple. At the outset the court would like to thank the attorneys for both sides for an exhaustive research of the law and an excellent presentation of their respective sides. For clarity and conciseness the parties will be referred to henceforth as "devisees" and as "heirs", even though some individuals land in both camps.

The heirs have objected to any will interpretation at all, contending no ambiguity exists for the court to interpret. At first blush it would appear the heirs are upon solid ground, however it is the duty of this court to follow the law as well as construe a will as near to the testator's intent as can be done. We are not to swallow rules of construction or ancient concepts which do violence to the testator's intent. This court is inclined to follow the law as set down by the Honorable Judge Wigginton, in In re Parker's Estate, 110 So. 2d 498, and the numerous cases cited therein in which it was stated —

> "It is uniformly held in this jurisdiction that in construing last wills and testaments the polar star by which the court is guided is the intent of the testator as ascertained by a consideration of the entire instrument, and not some isolated segment thereof. In determining intent, the situation of the testator at the time he made his will, the ties that bound him to the object of his beneficence, the motives which prompted him to make the will he did make, and the influence that wrought on him at the time will all be considered in arriving at the purpose of the testator. When once the intention has been discovered, the wording of the will shall be given such liberal construction as will effectuate the intention of the testator consistent with established rules of law. One of the important factors to be considered in arriving at testator's intent is the apparent testamentary scheme adopted by him for disposition of his property as shown by the terms and provisions of his will."

It is more than difficult, yes, even impossible, for this court to convince itself that the testatrix intended to execute a testamentary devise that would, under a normal, expected and common occurence, cause her estate to devolve upon persons unknown to her or her husband.

The scrivener's testimony shows that the decedent brought a list of devisees to his office after a thorough consideration of same with her husband. The list was in her own handwriting. The identical devisees and percentages appeared in the husband's will and in the wife's will.

It is interesting to note the relationships of each devisee and the percentages taken under paragraph Fifth. Four devisees were three relatives and the college fraternity of Austin Wood with no connection to Maude Wood. These four devisees were to receive 42½% of the estate. Seven devisees were six relatives of Maude Wood and a church, in memory of her mother, none of whom were shown to have any connection with Austin Wood. These devisees were to receive 50% of the total estate. The other 7½% of the total estate was devised to two devisees, a natural person and a hospital. There is no showing in this case as to whether there existed any personal interest by one testator in such devisee. The mere division of the estate assets as above set forth, almost by itself, screams out the intent.

The testimony and the surrounding circumstances, as well as the terms of the will paint a perfect picture. Here an elderly couple, with no immediate family and no direct descendants, sit down together and draft a list of names for the ultimate disposition of their worldly goods. The devises in paragraph Fifth reflect almost a 50-50 split between the relatives of the husband and the relatives of the wife. The overall testamentary disposition of each will is so clear and rational there almost arises a contractual obligation on the part of a survivor to continue this testamentary scheme, at least as to the relatives and charities relating to the spouse who predeceases.

The court is not ignoring the strong argument of the heirs nor the law as presented to the court. The cases cited to the court by the heirs are most persuasive. They do present, however, only rules and canons of interpretation. All of these rules and canons are devices contrived by our courts to arrive at one ultimate conclusion — the testamentary intent of the testator.

The court is further aware that this particular point is a matter of first impression in the state of Florida, and one not to be decided lightly. However, to follow these rules and canons blindly merely because they have controlled some cases in other jurisdictions in the past would, in this case, violate and destroy an overall testamentary scheme clearly set forth, but ineptly expressed. The question in this case is identical to the one expressed in the New Jersey case of Darpino v. D'Arpino, 73 N. J. Super 262, 179 A. 2d 527, at page 531 — "The question presented is simply this: will the court execute the clear intent of the testator, not fully or clearly expressed in a will, or will it, by a strict technical adherence to the form of words and their literal meaning suffer the intention of the testator to be defeated?"

This court is constrained to hold with the theory that the intent of the testatrix is clear beyond a reasonable doubt, and that her intent was that the named devisees were to take and enjoy the worldly goods of Austin and Maude Wood after the survivor thereof was no longer able to hold and enjoy the same.

It is accordingly ordered, adjudged and decreed that paragraph Fifth of the will of Maude L. Wood be interpreted to provide that the assets of the estate shall pass as set forth in paragraph Fifth of said will and not by intestacy.